# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHIL MICELI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 4846 |
| v. ) | |
| ) | Judge John W. Darrah |
| AETNA LIFE INSURANCE COMPANY; and ) | |
| ADP TOTALSOURCE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Phil Miceli, filed suit against Defendants, Aetna Life Insurance Company and ADP Totalsource, Inc., alleging a violation of the Employee Retirement Income Security Act ("ERISA") (Count I); breach of contract (Count II); and breach of fiduciary duty (Count III). Presently pending before the Court is ADP's Motion to Dismiss Counts II and III.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

On or about October 17, 2002, ADP issued a health insurance policy to Miceli that was underwritten by Aetna. Since the time the health insurance policy was issued, Miceli has remained current in his financial obligations to Defendants. On or about July 2, 2004, Miceli was diagnosed with cancer and began receiving treatment, which produced reasonable and customary medical bills. Defendants ADP and Aetna have refused to pay a significant portion of the medical bills stemming from Miceli's cancer treatments even though the unpaid bills are payable under Miceli's health

insurance policy. As a result of Defendants' refusal to pay the medical bills, numerous hospitals and physicians have sought reimbursement directly from Miceli.

In light of Defendants' refusal to pay his medical bills, Miceli filed the instant Complaint. ADP filed a Motion to Dismiss Counts II and III of the Complaint.

## ANALYSIS

ADP seeks to dismiss Counts II and III of Miceli's Complaint, contending that they are preempted by ERISA if they are pled under Illinois common law and, in the alternative, if Counts II and III arise under ERISA, that they are foreclosed by Supreme Court precedent.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (*Stachowski*).

ERISA provides Miceli with the right to bring a civil action in order to recover his benefits. 29 U.S.C. § 1132. ERISA also, however, preempts certain claims and limits the ways a plaintiff can attempt to recover damages.

ERISA claims will usually preempt any state law claims that seek benefits under an ERISA plan as a remedy. 29 U.S.C. § 1144(a). Generally, if the state law claim is specifically related to the ERISA plan, ERISA will preempt any related state law claim. If the existence of an ERISA plan is a critical factor in establishing liability under state law, the state law claim relates to an ERISA plan

and is preempted. *See Ingersoll-Rand Co. v. McClendon*, 298 U.S. 133, 139-40 (1990). Furthermore, state law claims for breach of contract and breach of fiduciary duty are preempted by ERISA and should be dismissed when they relate to or have a connection with a plan governed by ERISA. *See Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998); *Plumb v. Fluid Pump Serv. Inc.*, 124 F.3d 849, 857 (7th Cir. 1997).

Miceli, apparently, is attempting to bring his breach of contract and breach of fiduciary duty claims under state law; the existence of the ERISA plan is, therefore, critical to establishing grounds for the claims.[1] Without the ERISA plan issued to Miceli, there simply would be no grounds for either a breach of contract or breach of fiduciary duty claim. As such, Miceli's claims of breach of contract and breach of fiduciary duty, as state law claims, are preempted and are properly dismissed at this time.

If Counts II and III are to be considered as claims of breach of contract and breach of fiduciary duty under ERISA Section 502(a)(2) or 502(a)(3), he is barred from seeking relief under ERISA Section 502(a)(2). Any actions to enforce plan rights under § 502(a)(2) must be "brought in a representative capacity on behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985). According to the Complaint, however, Miceli is only seeking compensatory damages for himself. Since § 502(a)(2) does not provide a remedy for individual beneficiaries, Miceli is barred from bringing either his breach of contract or breach of fiduciary duty claims under § 502(a)(2).

---

[1] Miceli's Complaint does not specifically indicate whether Counts II and III are brought under Illinois Common Law or ERISA.

3

Alternatively, if Counts II and III are intended to claim a breach of contract and a breach of fiduciary duty under ERISA Section 502(a)(3), they would also be barred. Section 502(a)(3) is meant to act as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (*Varity*). Accordingly, in order to seek relief under 502(a)(3), Miceli must show that he cannot rely on another ERISA subsection for relief. *See Varity*, 516 U.S. at 515. If a plaintiff is unable to recover benefits due to him under his plan using a different subsection, fairness dictates that § 502(a)(3) may be used. If a plaintiff's alleged injury can be redressed through a § 502(a)(1) claim, however, a § 502(a)(3) claim is barred. *See Varity*, 516 U.S. at 515. In Count I, Miceli brings an ERISA claim under § 502(a)(1)(B) for wrongful denial of benefits.[2] As such, additional claims requesting identical relief are inappropriate; and Miceli cannot allege breach of contract and/or fiduciary duty under § 502(a)(3).

## CONCLUSION

For the foregoing reasons, Defendants's Motion to Dismiss Counts II and III is granted; and Counts II and III of Plaintiff's Complaint are dismissed with prejudice.

Dated: March 1, 2006

JOHN W. DARRAH
United States District Court Judge

---

[2]Miceli does not specify, in Count I, which section of ERISA the claim is based. As argued by ADP and not denied by Miceli, it appears that the claim is brought under Section 502(a)(1)(B).

4